# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1482V

| | |
|---|---|
| BRIAN C. HOLTZHAFER,<br>Administrator of the Estate<br>Of WALTER C. HOLTZHAFER,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: February 22, 2024 |

*Stephen Zakos*, Knafo Law Offices, Allentown, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On October 11, 2022, Walter C. Holtzhafer ("Mr. Holtzhafer") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Holtzhafer alleged that he suffered Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine he received on November 19, 2020. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 15, 2023, Mr. Holtzhafer died due to causes unrelated to his vaccination. *See* Ex. 15 (death certificate). On December 6, 2023, Brian C. Holtzhafer ("Petitioner") the administrator of Mr. Holtzhafer's estate, was substituted as Petitioner. ECF Nos. 52, 53.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 22, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 22, 2024, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer, I award a lump sum payment of $212,000.00 (representing past pain and suffering) in the form of a check payable to Petitioner, Brian C. Holtzhafer, administrator of the estate of Walter C. Holtzhafer.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRIAN C. HOLTZHAFER, Administrator of the Estate of WALTER C. HOLTZHAFER, ) ) ) ) | |
| Petitioner, ) | No. 22-1482V |
| ) | Chief Special Master Corcoran |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| ) | |
| Respondent. ) ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 11, 2022, Walter C. Holtzhafer ("Mr. Holtzhafer") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Mr. Holtzhafer alleged that he suffered Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine he received on November 19, 2020. Petition at 1, 4. On October 15, 2023, Mr. Holtzhafer died due to causes unrelated to his vaccination. *See* Exhibit 15 (death certificate). On December 6, 2023, Brian C. Holtzhafer ("petitioner"), the administrator of Mr. Holtzhafer's estate, was substituted as petitioner. ECF Nos. 52, 53. On January 22, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded for GBS, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day. ECF No. 55; ECF No. 56.

**I.      Items of Compensation**

    A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $212,000.00 in actual pain and suffering. Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $212,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, Brian C. Holtzhafer, as administrator of the estate of Walter C. Holtzhafer.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Brian C. Holtzhafer, administrator
of the estate of Walter C. Holtzhafer:                                                $212,000.00

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Principal Deputy Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Director
                        Torts Branch, Civil Division

---

[1] Before payment on a judgment can be made in this case, respondent will require petitioner to provide documentation establishing her appointment as legal representatives of the decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the decedent's estate, then such payment on any judgment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the decedent's estate.

           HEATHER L. PEARLMAN
           Deputy Director
           Torts Branch, Civil Division

           COLLEEN C. HARTLEY
           Assistant Director
           Torts Branch, Civil Division

           <u>s/ Sarah C. Duncan</u>
           SARAH C. DUNCAN
           Trial Attorney
           Torts Branch, Civil Division
           U.S. Department of Justice
           P.O. Box 146
           Benjamin Franklin Station
           Washington, D.C. 20044-0146
           Tel:  (202) 514-9729
           Email:  sarah.c.duncan@usdoj.gov

DATED:  February 22, 2024