# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1482V

| | |
|---|---|
| BRIAN C. HOLTZHAFER, Administrator of the Estate Of WALTER C. HOLTZHAFER, <br><br>　　　　　　　Petitioner, <br><br>v. <br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>　　　　　　　Respondent. | Chief Special Master Corcoran <br><br> Filed: September 30, 2024 |

*Stephen Zakos, Knafo Law Offices, Allentown, PA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 11, 2022, Walter C. Holtzhafer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome, a Table injury, as a result of an influenza vaccine he received on November 19, 2020. Petition, ECF No. 1. On February 22, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 58.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $47,241.14 (representing $42,370.50 in fees plus $4,870.64 in costs). Application for Attorney's Fees and Costs ("Motion") filed April 16, 2024. ECF No. 64. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses.

Respondent reacted to the motion on April 24, 2024, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 65. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests hourly rates for attorneys and paralegals that performed work in this matter as follows:

|                        | 2021  | 2022  | 2023  | 2024  |
|------------------------|-------|-------|-------|-------|
| Stephen W. Zakos, Esq. | $450  | $450  | $450  | $450  |
| Joshua Knafo, Esq.     | X     | $250  | $250  | X     |
| Shelby Knafo, Esq.     | X     | $250  | $300  | X     |
| Paralegals             | $135  | $135  | $135  | $135  |

Mr. Zakos has been a practicing attorney since 1997, placing him in the range of attorneys with 20 – 30 years' experience based on the OSM Attorneys' Fee Schedules.[3] I incorporate by reference all of the explanatory notes contained in these rate schedules. Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] I find Mr. Zakos' requested rate of $450 to be reasonable and hereby award it herein. I also find the requested paralegal rate to be reasonable. However, the hourly rates requested for the associate attorneys require further evaluation.

Petitioner represents that Mr. Knafo has been a licensed attorney since 2019, and Ms. Knafo licensed since 2022. ECF No. 64-1 at 2. But as of the filing of this Motion, it appears that neither attorney is admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by these two attorneys may only be compensated at non-attorney rates until they become admitted to this Court. **I shall instead award both attorneys the lesser rate of $172 per hour for all time billed in the 2021-24 timeframe.** This reduces the amount of fees to be awarded by **$3,899.00.**[5]

Furthermore, after reviewing the billing records submitted with Petitioner's Motion, it appears that Attorney Zakos billed 18 hours of work in this matter at the rate of $450 prior to being admitted to this Court in 2022.[6] This time can also only be billed at the lesser paralegal

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] *See McCulloch v. HHS*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount is calculated as: ($250 - $172 = $78 x 48.10 hrs.) + ($300 - $172 = $128 x 1.15 hrs.) = $3,899.00
[6] See billing entries between 10/8/2021 – 8/31/2022 at ECF No. 64-1 at 7.

rate of $172 per hour. **Application of the foregoing further reduces the amount of fees to be awarded herein by $5,004.00**.[7]

B. *Paralegal Tasks Billed at Attorney Rates*

In addition to the aforementioned hourly rate reductions, there are several instances in which tasks that are considered paralegal in nature were improperly billed using the attorneys' hourly rate in this matter.[8] Counsel is admonished that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce the hourly rates for time expended on tasks considered paralegal in nature, to a rate of $172 per hour.** Application of the foregoing further reduces the fees to be awarded herein by **$965.60**.[9]

Mr. Zakos also billed a total of 4.90 hours on tasks which are not reimbursable in the Vaccine Program.[10] Specifically, he performed background research into basic Program matters (as opposed to the specifics of this claim). ECF No. 64-1. But reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012. Additionally, "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he

---

[7] This amount is calculated as ($450 - $172 = $278 x 18.00 hrs.) = $5,004.00.

[8] Examples of paralegal tasks billed at attorney rates: 9/19/22: "Prepared certificate of service, exhibit numbering"; 9/21/22: "finalized bates numbering for exhibits"; 10/3/22: "finalized exhibits w/ cover sheets"; 10/5/22: "confirmation of page numbers in petition"; 10/6/22: "Updated exhibit list/cover pages, drafted notice"; 10/10/22: "Revised exhibit numbering"; 10/11/22: "Revised exhibit cover sheets"; 11/17/22: "Call to St. Luke's re certified med records"; 11/18/22; 1/24/23: "Follow up on subpoenas to St. Luke's." Id. at ECF No. 64-1 at 7-8.

[9] This amount consists of ($450 - $172 = $278 x 2.80 hrs. = $778.40) + (250 - $172 = $78 x 2.40 hrs. = $187.20)

[10] Examples of non-compensable entries are as follows: 10/11/21: "Research re: jurisdiction"; 6/16/22: "Review compensation scheme rules and regs"; 2/9/23: "Additional research re vaccine procedures"; 3/10/23: "review procedural rules deadlines"; 10/25/23: "double-checking Rules." *Id.* at ECF No. 64-1 at 7-9.

4

is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). **Thus, I will not award this time. Application of the foregoing results in a further reduction of fees in the amount of $2,205.00.**[11]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 64-1 at 16-41. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $35,167.54 (representing $30,296.90 in fees plus $4,870.64 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Stephen Zakos.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[11] This amount is calculated as follows: ($450 x 4.90 hrs.) = $2,205.00.

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.